IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESUS SEVILLA,

      Petitioner,

  v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 2:14-cv-02637
Judge Graham
Magistrate Judge King

### ORDER and
### REPORT AND RECOMMENDATION

Petitioner a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition,* ECF No. 1, Respondent's *Motion to Dismiss,* ECF No. 13, Petitioner's *Response and Corrected Response in Opposition to Motion to Dismiss,* ECF Nos. 18, 20, Respondent's *Reply*, ECF No. 19, *Petitioner's Supplemental Memorandum Opposing Motion to Dismiss*, ECF No. 21, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, ECF No. 13, be **GRANTED** and that this action be **DISMISSED.**

Petitioner's *Motion for Production of Discovery Evidence*, ECF No. 22, and *Motion for Cause and Prejudice Hearing,* ECF No. 24, are **DENIED.**

**Facts and Procedural History**

This case involves Petitioner's convictions, following a jury trial in the Franklin County Court of Common Pleas, on charges of murder and attempted murder, each with firearm specifications.  The state appellate court made the following findings of fact:

> In the early morning hours of July 4, 2005, appellant and three other people, including appellant's nephew, went to a party outside

the Wingate Village apartment complex on the west side of Franklin County, Ohio. Appellant's nephew got into an altercation with Salvador Quiroz, one of the people at the party. The two men were yelling and pushing each other. Appellant was near the altercation. He pulled out a gun and chambered a round of ammunition. Quiroz's friend, Victor Fregoso, saw appellant holding the gun. He ran up from behind Quiroz, grabbed him in a bear hug, and tried to pull him away from the altercation. Appellant fired one shot at the two men. Fregoso sustained a broken jaw from a bullet that entered his right jaw and exited at his left temple. Quiroz died as a result of a gunshot wound to his upper chest area. A bullet was later recovered from Quiroz's body. Right after the shooting, appellant stood over Quiroz and aimed the gun at him, but the gun jammed and would not fire again. Appellant then fled the scene. Later that same day, detectives from the Franklin County Sheriff's Office apprehended appellant after a brief chase. The detectives found the gun used by appellant under some rocks in the area where they caught him.

\*\*\*

Three eyewitnesses testified that appellant was the only person at the party with a gun and that he fired one shot at Fregoso and Quiroz. Appellant admitted that he fired a shot at Fregoso and Quiroz but claimed that he did so in self-defense. The jury rejected appellant's claim of self-defense and found appellant guilty of murder and attempted murder as well as the firearm specification for each count. The jury found appellant not guilty of tampering with evidence.

\*\*\*

It is undisputed that Fregoso came up from behind Quiroz, grabbed him in a bear hug, and tried to pull him away from the altercation. In this position, Fregoso's head would have been very close to Quiroz's body. Fregoso's head could easily have gotten in front of Quiroz's body vis-à-vis appellant as Fregoso attempted to pull Quiroz away. Therefore, when appellant fired, the bullet could have hit Fregoso's jaw, exited near his temple, and then entered Quiroz's chest. The coroner who performed Quiroz's autopsy testified that Quiroz's wounds were consistent with the bullet entering and exiting Fregoso's face and then entering Quiroz's chest. These wounds are not inconsistent with testimony that appellant fired only one shot.

*State v. Sevilla,* No. 06AP-954, 2007 WL 1641044, at \*1-4 (Ohio App. 10th Dist. June 7, 2007).

August 22, 2006, the trial court imposed an aggregate term of eighteen years to life incarceration. ECF No. 13-1, PageID# 252. On June 7, 2007, the Ohio Tenth District Court of Appeals affirmed the judgment of the trial court. *State v. Sevilla*, 2007 WL 1641044. On October 24, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Sevilla,* 115 Ohio St.3d 1444 (Ohio 2007).

On February 27, 2008, Petitioner filed a petition for post conviction relief. The trial court denied the petition, and on February 10, 2009, the appellate court dismissed the action as untimely. *State v. Sevilla*, No. 08AP-350, 2009 WL 311440 (Ohio App. 10th Dist. Feb. 10, 2009). On June 12, 2009,[1] Petitioner filed a *Common Law Motion to Vacate Void Judgment and Sentence.* ECF No. 13-1, PageID# 480. On July 21, 2009, the trial court denied that motion as an untimely post conviction petition. *Id.* at PageID# 540. On November 17, 2011, Petitioner filed a *Motion for Release of B.C.I. Evidence*. *Id.* at PageID# 541. On June 21, 2012, the trial court denied that motion. *Id.* at PageID# 569.[2] On August 1, 2012, Petitioner filed a *Motion for Production of Evidence*. *Id.* at PageID# 571. On July 22, 2013, the trial court denied that motion.[3] *Id.* at PageID# 587. On October 10, 2013, Petitioner filed a *Petition for Evidentiary Hearing* and, on April 15, 2014, he filed a *Motion for Summary Judgment*. *Id* at PageID# 632. On May 23, 2014, the trial court denied the *Motion for Summary Judgment*. *Id*. at PageID# 636. On June 16, 2014, Petitioner filed a *Petition for Writ of Mandamus* in the state appellate court.

---

[1] The trial court's *Entry* denying the petition for post conviction relief indicates that Petitioner filed the petition on May 12, 2008. ECF No. 13-1, PageID# 540. Apparently this is an error.
[2] On May 14, 2012, Petitioner filed a *Complaint for Writ of Procedendo* in the Ohio Supreme Court complaining that the trial court had failed to issue a decision on his motion. ECF No. 13-1, PageID# 557. On July 25, 2012, the Ohio Supreme Court dismissed that complaint. *Id*. at PageID# 570.
[3] On July 17, 2013, Petitioner filed a *Petition for a Writ of Procedendo* in the state appellate court. ECF No. 13-1, PageID# 582. On December 13, 2013, the appellate court dismissed that action. *Id.* at PageID# 606.

*Id.* at PageID# 638. On March 3, 2015, the appellate court denied that petition. *Id.* at PageID# 657.

On December 10, 2014, Petitioner signed the *Petition* now before this Court. ECF No. 1, PageID# 15. He alleges that he was denied the effective assistance of counsel (claim one); that his conviction on the charge of attempted murder is against the manifest weight of the evidence (claim two); that cumulative error resulted in a miscarriage of justice (claim three); that he was denied due process (claim four); "engaging relief pursuant to 28 USCS(c)(1) (claim five); and that he was denied the equal protection of the law (claim six).[4] *Id.; see also Motion for Leave to File Supplemental Amendment in Original Action for Habeas Corpus Relief,* ECF No. 9. Respondent moves to dismiss the action as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

**Motion for Production of Discovery**

Petitioner alleges that the prosecution withheld exculpatory forensic evidence supporting his claim of actual innocence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner asks the Court to order Respondent to provide the following material in support of this claim: All hospital reports of physicians who examined Victor Fregoso; forensic evidence collected at the scene of the crime involving the recovery of the second bullet; DNA test results conducted on either bullet recovered from the crime scene; and any and all other DNA test results of any forensic evidence. *Motion for Production of Discovery Evidence,* ECF No. 22, PageID# 1619.

The discovery processes contained in the Federal Rules of Civil Procedure do not automatically apply to habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,*

---

[4] On April 13, 2015, Petitioner's *Motion for Leave to File Supplemental Amendment in Original Action for Habeas Corpus Relief,* ECF No. 9, by which Petitioner added and deleted certain claims for relief, was granted. *Order*, ECF No. 10.

520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases in United States District Courts provides in relevant part as follows:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief. . . .'" *Bracy,* 520 U.S. at 908–909 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

> "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford*, 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir.1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir.1994).

*Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004).

Petitioner has failed to meet this standard. The record does not indicate that the State withheld any exculpatory material from the defense.[5] Petitioner's request constitutes the type of fishing expedition discouraged by the rules governing habeas corpus cases. Moreover, the

---

[5] In a letter dated December 11, 2011, responding to Petitioner's request for discovery, the assistant prosecuting attorney advised Petitioner that complete discovery had been provided to defense counsel during the pendency of the case. ECF No. 22-2, PageID# 1637.

record does not indicate that more than one bullet was recovered or that DNA evidence was recovered from that bullet. In any event, it is not apparent that such evidence, or additional hospital reports, would assist Petitioner in his challenge to these convictions. Witnesses observed Petitioner fire a gun at the victims; Petitioner admitted at trial that he fired the gun, although he claimed that he did so only in self defense. Furthermore, the coroner testified at trial and was subject to cross examination by defense counsel. Finally, the discovery sought by Petitioner is irrelevant to the sole issue presently before the Court, *i.e.,* whether the one-year statute of limitations forecloses this Court's review of the merits of Petitioner's claims.

Petitioner's discovery request is therefore **DENIED**.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d).

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Under the terms of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final on January 22, 2008, *i.e.,* ninety days after the Ohio Supreme Court's October 24, 2007, dismissal of his appeal, when the time for filing a petition for a writ of *certiorari* to the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000). The statute of limitations began to run the following day and expired one year later, on January 23, 2009. Yet Petitioner waited until December 10, 2014 - almost six years later - to file *Petition,* and he waited until April 9, 2015, to file amendments to the *Petition.* Further, none of Petitioner's collateral filings tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), because the state courts dismissed those filings as untimely or because the statute of limitations had already expired by the time they were filed with the state courts. *See Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2008)("[T]ime limits, no matter their form, are 'filing' conditions," and where the state court rejects a post conviction or collateral action as untimely, it is not "properly filed" so as to toll the running of the statute of limitations under § 2244(d)(2)); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)(*per curiam*)(concluding that a motion for a delayed appeal denied by the Ohio Supreme Court as untimely does not toll the running of the statute of limitations under § 2244(d)(2)). *See also Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)("The tolling provision does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Petitioner argues that, under the provisions of 28 U.S.C. § 2244(d)(1)(B), the statute of limitations will not expire on his attempted murder conviction until July 2016, *i.e.,* when the sentence on the gun specification expires. *Memorandum in Support of Motion in Opposition to Respondent's Motion to Dismiss,* ECF No. 18, PageID# 1357. He also points to impediments to a timely filing of the action faced by him. Specifically, Petitioner represents that he was required to seek "inmate legal assistance (for a fee) after his AEDPA deadlines. . . ." *Id.* at PageID# 1364.

The statute, 28 U.S.C. § 2244(d)(1)(B), provides that the one-year statute of limitations may be deemed to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

> Section 2244(d) (1)(B) governs cases where a State has taken action to create an impediment that prevents a state prisoner from filing a 28 U.S.C. § 2254 habeas petition. The State action creating the impediment must be in violation of the Constitution or laws of the United States.

*Alexander v. Metrish*, No. 2:06-cv-41, 2007 WL 542010 (W.D. Michigan February 16, 2007).

> "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir.2003). Specifically, "'[s]ection 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir.2003) (quoting *Dunker v. Bissonnette*, 154 F.Supp.2d 95, 105 (D.Mass.2001)).

*Butler v. Davis*, No. 05-72727, 2006 WL 950263 (E.D. Michigan April 10, 2006).

Nothing in the record even suggests that the State of Ohio acted in violation of the Constitution or laws of the United States or prevented Petitioner from filing a timely petition. The fact that Petitioner sought assistance from a fellow prison inmate neither delayed the date on

8

which the statute of limitations began to run nor constituted a state created impediment that prevented his timely filing of this action.

Petitioner also asks that the Court equitably toll the running of the statute of limitations and insists that he has diligently pursued relief. ECF No. 18, PageID# 1364-65. The one-year statute of limitations may be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). In order to obtain an equitable tolling of the statute of limitations, a litigant must establish that he has diligently pursued relief but that some extraordinary circumstance stood in his way of timely filing. *Id*. at 649 (citing *Pace v. DiGuglielmo,* 544 U.S. at 418). "[P]etitioner bears the. . . burden of persuading the court that he . . . is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Moreover, equitable tolling should be only sparingly applied. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560 (6th Cir. 2000)(citations omitted). The United States Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but flawed, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). On the other hand, where the claimant has failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification for the equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst*., 662 F.3d 745, 751 (6th Cir. 2011)(citations omitted). These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond a petitioner's control. *Lowe v. State*, No. 2:12-cv-142, 2013 WL 950940, at *7 (S.D.

Ohio March 12, 2013)(citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)).  *See also Johnson v. United States*, 544 U.S. 295, 311 (2005)("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness").

Petitioner has failed to meet his burden of establishing that equitable tolling of the statute of limitations is appropriate, particularly for the time period at issue here.  Petitioner waited almost six years after his judgment of conviction became final to pursue habeas corpus relief. The record simply does not support his contention that he acted diligently in pursuing federal habeas corpus relief.

Petitioner also insists that he is actually innocent of the charges on which he was convicted. ECF No. 18, PageID# 1357-58. Actual innocence may also justify the equitable tolling of the statute of limitations.  *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005):

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual

> innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Id*. at 589–90 (footnote omitted)(citing *Schlup v. Delo*, 513 U.S. 298 (1995)). "'To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of new evidence.'" *McQuiggin v. Perkins*, -- U.S. --, --, 133 S.Ct. 1924, 1935 (2013)(quoting *Schlup,* 513 U.S. at 327).

Petitioner has failed to meet this standard here.

For all these reasons, it is **RECOMMENDED** that Respondent's *Motion to Dismiss*, ECF No. 13, be **GRANTED** and that this action be **DISMISSED.**

Petitioner's *Motion for Production of Discovery Evidence*, ECF No. 22, and *Motion for Cause and Prejudice Hearing,* ECF No. 24, are **DENIED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

   *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
September 14, 2015