IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESUS SEVILLA,

    Petitioner,

  v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:14-cv-02637
Judge Graham
Magistrate Judge King

## OPINION AND ORDER

On September 14, 2015, the Magistrate Judge recommended that Respondent's *Motion to Dismiss* (ECF No. 13) be granted and that this habeas corpus action under 28 U.S.C. § 2254 be dismissed as untimely. *Order and Report and Recommendation* (ECF No. 27). Petitioner has objected to that recommendation. *Objection* (ECF No. 29). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 29) is **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 27) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 13) is **GRANTED.** This action is hereby **DISMISSED** as untimely.

Petitioner was convicted of murder, with a firearm specification, and of attempted murder, with a firearm specification, in August 2006. As the Magistrate Judge concluded, *Order and Report and Recommendation*, PageID# 1721, Petitioner's conviction became final on January 22, 2008, *i.e.,* ninety days after the Ohio Supreme Court dismissed Petitioner's appeal, when the time for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. *See Bronaugh v. Ohio,* 235 F.3d 280 (6th Cir. 2000). The Magistrate Judge denied

Petitioner's *Motion for Production of Discovery* (ECF No. 22), and recommended that the action be dismissed as untimely. *Order and Report and Recommendation*. Petitioner objects to the denial of his motion and to the recommendation of dismissal of the action; he also seeks an evidentiary hearing. *Objection.*

Petitioner specifically complains that the Magistrate Judge erred in relying on the factual findings of the state appellate court. He insists that the prosecution violated *Brady v. Maryland,* 373 U.S. 83 (1963), and argues that this violation both caused his untimely filing and demonstrates his actual innocence. Petitioner also refers to various items of evidence which, he alleges, were unaddressed at trial. He also alleges that prosecution witnesses lied at trial. Petitioner also complains that, in recommending dismissal of the action as untimely, the Magistrate Judge failed to take into account the impediments faced by him - a *pro se*, Spanish speaking, indigent prisoner. He argues that equitable tolling of the statute of limitations is appropriate in view of his diligent attempts to obtain relief. He also insists that the Magistrate Judge improperly rejected his claim of actual innocence and should have addressed the merits of his claims. In any event, Petitioner contends, the claimed denial of effective assistance of counsel, the alleged *Brady* violation*,* and his language impediment constitute exceptional circumstances justifying consideration of the merits of his claims despite the untimely filing of the action.

Although the only issue presently before the Court is whether this action is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), the Court nevertheless notes that the factual findings of the state appellate court are presumed to be correct; Petitioner has failed to meet his burden of rebutting this presumption of correctness by clear and convincing evidence.

*See* 28 U.S.C. § 2254(e). Moreover, none of the evidence that Petitioner alleges was wrongfully withheld would establish his actual innocence or otherwise assist him.

The Court also concludes that equitable tolling of the statute of limitations is not appropriate on this record. As the Magistrate Judge concluded, the statute of limitations expired on January 23, 2009, yet Petitioner waited almost six years to file the *Petition* and another four months before he filed amendments to the *Petition*. Moreover, the record does not support Petitioner's claim that a language barrier prevented his timely filing.

> [W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)(rejecting claim that language barrier prevented the petitioner from timely filing his habeas corpus petition). *See also Levy v. Osborne*, 2013 WL 3877816, at *3 (M.D. Tenn. July 26, 2013)("[M]ere inability to understand English is not itself sufficient to warrant equitable tolling."). Petitioner was able to pursue numerous *pro se* actions in the state courts as early as 2008, and he has demonstrated an ability to represent himself in these proceedings. Moreover, the record does not support Petitioner's claim that a state-created impediment prevented him from filing the *Petition* in a timely manner.

For these reasons, and for the reasons well detailed in the Magistrate Judge's *Order and Report and Recommendation*, Petitioner's *Objection* (ECF No. 29) is **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 27) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 13) is **GRANTED,** and this action is hereby **DISMISSED** as untimely.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Date: October 8, 2015

                                                                                         s/James L. Graham
                                                                                          JAMES L. GRAHAM
                                                                                          United States District Judge